

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*changed by law*
*See H-107*

Honorable R. E. Beasley
County Auditor
Collin County
McKinney, Texas

Dear Sir:

Opinion No. O-1594
Re: Witness fees and mileage in a felony case for a second appearance in a case during the same term of court

Your request for an opinion on the question as herein stated has been received by this department. Your letter reads in part as follows:

"I would appreciate very much your giving me an opinion in connection with the allowance of mileage to witnesses in criminal cases.

"Not infrequently a criminal case, on call, may be passed and reset for a day some weeks later in the same term of our court. In such circumstances it is obviously more convenient and less expensive for non-resident witnesses to return to their home counties, and to return for the trial at the later date in the term.

"The question arises as to whether an out of county witness in a felony case, obeying subpoena in each instance, and not commanded to appear from day to day, is entitled to his mileage for a second trip to court in the same term, when he has been released from his first subpoena and has been served with a second subpoena for the second appearance."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. E. Beasley, page 2

We restate your question as follows:  Is an out-of-county witness in a felony case entitled to his mileage and per diem for a second trip to court in the same case during the same term?

Article 103 of the Penal Code reads as follows:

"Before the clerk or his deputy shall be required or permitted to issue a subpoena in any felony case pending in any district or criminal district court of this State of which he is clerk or deputy, the defendant or his attorney or the State's attorney shall make written sworn application to such clerk of each witness desired. Such application shall state the name of each witness desired, the location and avocation, if known, and that the testimony of said witness is believed to be material to the State or the defense.  As far as practicable such clerk shall include in one subpoena the names of all witnesses for the State and the defendant and such process shall show that the witnesses are summoned for the State or defendant.  If any such clerk or his deputy shall issue any subpoena for any witness in a felony case without complying with this article, or shall issue an attachment without an order of court, he shall be fined not less than twenty-five nor more than two hundred dollars."

Article 463 of the Code of Criminal Procedure reads as follows:

"Before the clerk or his deputy shall be required or permitted to issue a subpoena in any felony case pending in any District or Criminal District Court of this State of which he is clerk or deputy, the defendant or his attorney or the State's attorney shall make written, sworn application to such clerk for each witness desired. Such application shall state the name of each witness desired, the location and vocation, if known, and that the testimony

Honorable R. E. Beasley, page 3

of said witness is material to the State or to the defense. As far as is practical such clerk shall include in one subpoena the names of all witnesses for the State and for defendant, and such process shall show that the witnesses are summoned for the State or for the defendant. When a witness has been served with a subpoena, attached or placed under recognizance at the instance of either party in a particular case, such execution of process shall inure to the benefit of the opposite party in such case in the event such opposite party desires to use such witness on the trial of the case, provided that when a witness has once been served with a subpoena, no further subpoena shall be issued for said witness."

Article 1036, Code of Criminal Procedure, provides that:

"1. Any witness who may have been recognized, subpoenaed or attached, and given bond for his appearance before any court, or before any grand jury, out of the county of his residence to testify in a felony case, and who appears in compliance with the obligations of such recognizance or bond, shall be allowed his actual traveling expenses, not exceeding four cents per mile going to and returning from the court or grand jury, by the nearest practical conveyance, and two dollars per day for each day he may necessarily be absent from home as a witness in such case.

"Witnesses shall receive from the State, for attendance upon district courts and grand juries in counties other than that of their residence, in obedience to subpoenas issued under the provisions of law their actual traveling expenses, not exceeding four cents per mile, going to

and returning from the court or grand jury,
by the nearest practical conveyance, and
two dollars per day for each day they may
necessarily be absent from home as a wit-
ness, to be paid as now provided by law;
and the foreman of the grand jury, or the
district clerk, shall issue to such witness
certificates therefor, after deducting there-
from the amounts advanced by the officers
serving said subpoenas, as shown by the re-
turns on said subpoenas; which certificates
shall be approved by the district judge,
and recorded by the clerk in a well-bound
book kept for that purpose; provided, that
when an indictment can be found from the
evidence taken before an inquest or examin-
ing trial, no subpoena or attachment shall
issue for a witness who resides out of the
county in which the prosecution is pending
to appear before a grand jury. When the
grand jury shall certify to the district
judge that sufficient evidence cannot be
secured upon which to find an indictment,
except upon testimony of nonresident wit-
nesses, the district judge may have sub-
poenas issued as provided for by law to
other counties for witnesses to testify be-
fore the grand jury, not to exceed one wit-
ness to any one fact, nor more than three
witnesses to any one case pending before
the grand jury.

"Sec. 2. Witness fees shall be allowed
only to such witnesses as may have been sum-
moned on the sworn written application of
the State's attorney or the defendant or his
attorney as provided in Article 463, Code of
Criminal Procedure, which sworn application
must be made at the time of the procuring
of the subpoena, attachment for, or recognizance
of, the witness. The judge to whom an appli-
cation for attachment is made, may, in his
discretion, grant or refuse such application,
when presented in term time.

"Sec. 3. Before the close of each term
of District Court, the witness shall make an

affidavit stating the number of miles
he will have traveled going to and re-
turning from the court, by the nearest
practical conveyance, and the number of
days he will have been necessarily absent
in going to and returning from the place
of trial; which affidavit shall be filed
with the papers of this case. No witness
shall receive pay for his services as a
witness in more than one case at any one
term of the court. Fees shall not be al-
lowed to more than two witnesses to the
same fact, unless the judge before whom
the cause is tried shall, after such case
has been tried, continued, or otherwise
disposed of, certify that such witnesses
were necessary in the cause.* * *"'

The Supreme Court of Texas, in the case of
Burttschell v. Sheppard, 69 S. W. (2d) 402, among
other things, held in effect that: The district court
is authorized to excuse witnesses previously subpoenaed,
and has power thereafter to order issuance of addition-
al subpoenas for the same witnesses in the same case.
However, after the court has excused such witnesses
under subpoena, the court could not resummon the witnesses
except under circumstances creating the necessity there-
for.

We quote from the above case as follows:

"A careful reading of the statutes,
both criminal and civil, fails to dis-
close any express prohibition against the
issuing of a second subpoena for the same
witness in the same case. By article 3707,
Revised Civil Statutes, the authority of the
court to discharge witnesses is affirmatively
recognized, and, after his discharge, the wit-
ness is under no further compulsion to attend
the sitting of the court. The article provides:

"'Every witness summoned in any suit
shall attend the court from day to day, and
from term to term, until discharged by the

court or party summoning him. If any
witness, after being duly summoned, shall
fail to attend, he may be fined by the court
as for a contempt of court, and an attach-
ment may issue against the body of such wit-
ness to compel his attendance.'

"It is true that a witness may be com-
pelled to attend the court from day to day
and from term to term after he has been sum-
moned, and the writ of attachment is avail-
able to compel such attendance; but if the
court has discharged the witness and he is
under no further compulsion, the writ of
attachment would not lie.

"We will not assume that a district judge
would have a witness, or witnesses, unneces-
sarily or wantonly resummoned. He is acting
as a court and in his judicial capacity. The
resummoning of witnesses should occur only
in exceptional cases, and under circumstances
which in the mind of the court would create
a necessity therefor. The better practice
from the standpoint of economy and efficiency
would be for the court to refrain from dis-
charging a witness before the end of the case,
and to compel his attendance under the one
subpoena; but where the judge has seen fit
to discharge a witness, in the exercise of a
sound discretion, or even arbitrarily and
wrongly, and later such witness is needed to
give testimony, it must be held that the
court has the power to have the witness re-
summoned. Authority so essential to the op-
eration of courts will not be denied. The
possibility of abuse of authority is no argu-
ment against its existence."

The above mentioned case does not discuss or
pass upon Section 2 of Article 1036, Code of Criminal Pro-
cedure, which reads as follows:

"Witness fees shall be allowed only to
such witnesses as may have been summoned on
the sworn written application of the State's
attorney or the defendant or his attorney as

Honorable R. E. Beasley, page 7

provided in Article 463, Code of Criminal Procedure, which sworn application must be made at the time of the procuring of the subpoena, attachment for, or recognizance of, the witness. The judge to whom an application or attachment is made, may, in his discretion, grant or refuse such application, when presented in term time."

Therefore, it is to be understood that we are not passing upon the question as to whether or not the witness would be entitled to his per diem and mileage when such witness is excused by the court and re-subpoenaed by the court where a sworn written application of the State's attorney or the defendant or his attorney as provided in Article 463, Code of Criminal Procedure has not been complied with.

In the opinion rendered by this department on February 21, 1935, written by Hon. Leon O. Moses, Assistant Attorney General, addressed to the District Clerk, Sweetwater, Texas, it was held that no witness shall receive pay for his services as a witness in more than one case at any one term of court; however, in the event the witness is instructed by the judge to return at the same term of the district court at which he was summoned, and on the same case, the witness would be entitled to his fee and mileage for a second trip.

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that an out-of-county witness in a felony case is entitled to two dollars and his actual traveling expenses not exceeding four cents per mile going to and returning from the court for a second trip to the court during the same term and in the same case. It is immaterial whether the witness has been re-subpoenaed or is attending the court under the original subpoena, provided the witness has been subpoenaed as provided by Article 463, Code of Criminal Procedure.

Honorable R. E. Beasley, page 8

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:LW

APPROVED NOV 8, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN